# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HEUNG NAM MOON** | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO. _____ |
| | ) |
| v. | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| **SOON JOSEPH CHOI, CHOON SIK LEE,** | ) |
| and **JIREH AMERICA, LLC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Heung Nam Moon, through his counsel, Brian Kim of Brian Kim, PC, and files his Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action is being brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendants for his failure to pay federally-mandated overtime wages during Plaintiff's employment with

Defendants.

## PARTIES

2.

HEUNG HAM MOON, the named Plaintiff in this action, live in the Northern District of Georgia.

3.

At all times material hereto, Plaintiff was "employee" of the respective Defendants within the meaning of the FLSA.

4.

Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

5.

Defendant Jireh America, LLC ("Jireh America") is a Georgia limited liability company, which maintains, and, at all times relevant hereto has transacted regular, not isolated, acts of business in Alabama and Georgia.

6.

According to the Alabama Secretary of the State's records, Defendant Jireh America's principal address is 520 Airbase Blvd., Montgomery, Alabama 36108.

7.

According to the website of Defendant Jireh America, [www.jirehamerica.com](www.jirehamerica.com), since 2009, Defendant Jireh America "has provided proven and professional solution for factory automation system throughout the Montgomery AL and West Point GA."

8.

Jireh America can be served by delivering a copy of summons and complaint to its registered agent John Woo at 5855 Medlock Bridge Parkway, Suite 100, Johns Creek, Georgia 30022.

9.

Defendant Jireh America is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 203(s).

10.

At all relevant times, Defendant Jireh America has been and remains, an

Employer within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee. . . ."

11.

As an employer who engaged in commerce, Defendant Jireh America is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq*.

12.

Defendant Jireh America, at all times material hereto, knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

13.

Defendant Soon Joseph Choi ("Soon Choi") is an individual and a corporate officer of Defendant Jireh America.

14.

Defendant Soon Choi was involved in the day-to-day operation and has substantial operation a control over Jireh America, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and

the putative class of Plaintiff.

15.

Defendant Soon Choi exerts control over financial affairs of Jireh America in compliance with the Fair Labor Standard Act.

16.

Defendant Soon Choi has the power to hire and fire employees, including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiff and putative class of Plaintiff.

17.

Defendant Soon Choi controls employee's work schedules and conditions of the employment, including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiff and putative class of Plaintiff.

18.

Defendant Soon Choi determines the rate and method of payment for employees including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiff and putative class of Plaintiff.

19.

Defendant Soon Choi is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 203(s).

20.

At all relevant times, Defendant Soon Choi has been and remains, an "Employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

21.

As an employer who engaged in commerce, Defendant Soon Choi is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

22.

Defendant Soon Choi, at all times material hereto, knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

23.

Defendant Choon Sik Lee is an individual and a corporate officer of Defendant Jireh America.

24.

Defendant Choon Sik Lee was involved in the day-to-day operation and has substantial operation control over Jireh America, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and the putative class of Plaintiff.

25.

Defendant Choon Sik Lee exerts control over financial affairs of Jireh America in compliance with the Fair Labor Standard Act.

26.

Defendant Choon Sik Lee has the power to hire and fire employees, including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiff and putative class of Plaintiff.

27.

Defendant Choon Sik Lee controls employee's work schedules and conditions of the employment, including, without limitation, individuals employed

by Jireh America in the same capacity as the named Plaintiff and putative class of Plaintiff.

28.

Defendant Choon Sik Lee determines the rate and method of payment for employees including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiff and putative class of Plaintiff.

29.

Defendant Choon Sik Lee is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 203(s).

30.

At all relevant times, Defendant Choon Sik Lee has been and remain, an "Employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . .."

31.

As an employer who engaged in commerce, Defendant Choon Sik Lee is

subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

32.

Defendant Choon Sik Lee, at all times material hereto, knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

## **JURISDICTION**

33.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

34.

This Court's exercise of jurisdiction will comport with fundamental due process notions of fair play and justice. Defendants' voluntary, repeated and systematic business dealings in this jurisdiction demonstrate that Defendants should reasonably expect to be brought into Court in this jurisdiction.

## **VENUE**

35.

The venue of this Court over this controversy is based upon following:

a. Defendant Jireh America, LLC can be served by delivering a copy of summons and complaint to its registered agent John Woo at 5855 Medlock Bridge Parkway, Suite 100, Johns Creek, Georgia 30022, Fulton County, which is located in this judicial district (28 U.S.C. § 1391);

b. Defendants' principal place of business is in the Northern District of Georgia; and/or

c. Defendant Jireh America, is a Georgia Limited Liability Company doing business within this judicial district.

36.

Venue is proper in the Northern District of Georgia.

## **FACTS**

37.

Plaintiff is former employees of Defendant Soon Choi.

38.

Plaintiff is former employees of Defendant Jireh America.

39.

Plaintiff is former employees of Defendant Choon Sik Lee.

40.

From September 15, 2012 to July 31, 2016, Plaintiff was hired by Defendants as a supervisor.

41.

During the employment, Defendants paid Plaintiff a fixed wage of $65,000.00 per year.

42.

Plaintiff routinely worked in excess of forty-hours per week but has not received overtime compensation at the rate of time and one-half of his regularly rate for that week.

43.

At all times relevant hereto, Plaintiff worked on average seventy seven (77) hours per week.

44.

Defendant Soon Joseph Choi is an officer of Jireh America.

45.

Defendant Choon Sik Lee is an officer of Jireh America.

46.

Jireh America engages in manufacturing and installation of factory automation system.

47.

At all times relevant hereto, Defendants paid Plaintiff a fixed wage rather than an hourly wage.

48.

At all times relevant hereto, the Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

49.

Plaintiff's principal duties while working for Defendants were cutting/

welding pipes and inspecting Defendants' products.

50.

During the time Plaintiff was employed by Defendants, Defendants utilized time cards in order to track Plaintiff's hours worked.

**CLAIM FOR RELIEF**

**COUNT I.**

**VIOLATION OF FAIR LABOR STANDARD ACT (FLSA)**

51.

Plaintiff re-allege and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

52.

Defendants repeatedly and willfully violated the provisions of Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.* by employing individuals, including the Plaintiff, engaged in commerce or in the production of goods for commerce, for work weeks longer than forty hours without compensating such employees for his employment in excess of such hours at rates not less than one and one-half times

the regular rates at which they was employed.

53.

The Plaintiff, as well as those similarly situated to them, were/are regularly compelled to work more than forty hours per week but were/are not paid overtime compensation as required under the FLSA.

54.

Defendants' violations of the overtime pay requirements set forth in the FLSA was systematic, voluntary and willful.

55.

As a result of Defendants' unlawful acts, omissions, and practices, the Plaintiff, and those similarly situated to them, suffered a loss of wages in an amount to be determined in this action.

56.

Each Defendant, jointly and severally, owes the Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

57.

Pursuant to Section 216(b) of the Act, Defendants owe Plaintiff, jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An Order finding that Defendants violated section 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Plaintiff and against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the Act, judgment in favor of Plaintiff and against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff and against Defendants, jointly and severally, for prejudgment interest;

6. Judgment in favor of Plaintiff and against Defendants, jointly and severally, for all taxable and non-taxable costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a

jury trial is available; AND

8. Such other, further and different relief as this Court deems appropriate.

This 10th day of June, 2017.

By: */s/ Brian G. Kim*
Brian G. Kim
Georgia. Bar No. 479330
Alabama Bar No. 1288R67G

Brian Kim PC
1815 Satellite Blvd. Suite 303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile: 678.878.4208
E-Mail: Brian@leonandkim.com